IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTIE G. O/B/O K.T.P., A MINOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-595-JFJ |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Mattie G. ("Plaintiff"), on behalf of the minor child, K.T.P. ("Claimant"), seeks judicial review of the decision of the Commissioner of the Social Security Administration finding that Claimant is not disabled. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.     General Legal Standards and Standard of Review**

A claimant for disability benefits bears the burden of proving a disability. 20 C.F.R. § 416.912(a). A person under the age of 18 is considered "disabled" under the Social Security Act if that individual has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Social Security regulations implement an abbreviated, three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See* 20 C.F.R. § 416.924. At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child will be found disabled if the child has "impairment(s) that meets, medically equals, or functionally equals the listings" and that satisfy the 12-month duration requirement. 20 C.F.R. §§ 416.924(a).

Whether a child's impairment "meets or medically equals" the listings and whether a child's impairment "functionally equals" the listings are separate inquiries under the step-three analysis. *See* 20 C.F.R. §§ 416.926 (explaining "medical equivalence" analysis); 416.926a (explaining "functional equivalence" analysis). In evaluating "medical equivalence," an impairment(s) is "at least medically equivalent to a listed impairment in appendix 1 of subpart P of part 404 of this chapter if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). In both child and adult cases, medical equivalence can be found in three ways:

> (1)(i) If you have an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but—
> (A) You do not exhibit one or more of the findings specified in the particular listing, or
> (B) You exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing,
> (ii) We will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.
> (2) If you have an impairment(s) that is not described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of

a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

(3) If you have a combination of impairments, no one of which meets a listing described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter (see § 416.925(c)(3)), we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 416.926(b).

In evaluating functional equivalence, the ALJ must evaluate all relevant factors, including (1) how well the child can initiate and sustain activities, how much extra help he needs, and the effects of structured or supportive settings; (2) how the child functions in school; and (3) the effects of the child's medications or other treatment. 20 C.F.R. § 416.926a(a)(1)-(3). The ALJ also must consider how the child functions in all his activities "in terms of six domains": "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment functionally equals a listing if the child has "marked" limitations in two of the six functioning domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). *See* 20 C.F.R. § 416.926a(e) (defining "marked" and "extreme" limitations).

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* The Court's review is based on the record, and the Court must "meticulously examine the record as a whole, including

anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff applied for Title XVI supplemental security income benefits on behalf of Claimant on March 29, 2016, alleging Claimant became disabled on January 1, 2014, at the age of thirteen. R. 12, 162-167. Plaintiff alleged Claimant was disabled due to attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, depression, and mental and behavioral issues. R. 174. Plaintiff's claim for benefits was denied initially on July 11, 2016, and on reconsideration on September 27, 2016. R. 12, 95-98, 102-105. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted the hearing on July 20, 2017. R. 28-67. The ALJ issued a decision on October 18, 2017, denying benefits and finding Claimant not disabled at step three, because his impairment did not meet, medically equal, or functionally equal a listing. R. 15-23. The Appeals Council denied review, and Plaintiff appealed. R. 1-3; ECF No. 2.

At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since the application date of March 29, 2016. R. 15. At step two, the ALJ found that Claimant had the severe impairments of psychosis secondary to substance abuse, depression, and cognitive disorder. *Id.* At step three, the ALJ found that Claimant had no impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of a listed impairment. R. 15-23. Accordingly, the ALJ concluded that Claimant was not disabled.

4

**III.     Issues**

Plaintiff raises three points of error in her challenge to the denial of benefits on Claimant's behalf: (1) the ALJ erred in his "medical equivalence" analysis at step three; (2) the ALJ erred in his "functional equivalence" analysis at step three; and (3) the decision was rendered by an ALJ whose appointment was invalid at the time he rendered his decision. ECF No. 14. For the reasons explained below, the Court reverses the decision based on the first allegation of error and does not reach the other two alleged errors.[1]

**IV.     Analysis**

Plaintiff argues the ALJ erred by failing to expressly mention or consider any specific listings in the "medical equivalence" portion of his step-three analysis. Plaintiff further contends the findings are "boilerplate" and that the conclusion is reached "without any of the required legal analysis." ECF No. 14 at 8.

The Court concludes that the ALJ's medical equivalence analysis is deficient and requires remand. The entirety of the ALJ's medical equivalence findings at step three are:

> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> In determining if the claimant's impairments, either singly or in combination, meet or equal the severity of any listed impairment at 20 CFR Part 404, Subpart P, Appendix 1 (the *Listing of Impairments*), I must consider the opinions of the State agency medical consultants who have evaluated this issue at the initial and reconsideration levels of the administrative review process, pursuant to 20 CFR 416.927 and SSR 96-6p. After review of the credible evidence, I concurred with the prior determinations that the severity of the claimant's impairments does not meet or medically equal any listed impairment in Appendix 1. In this case, those

---

[1] In previous decisions, the Court has declined to address the Appointments Clause issue as a threshold issue. Instead, the Court has found that "it serves the interests of justice and efficiency to reach the Appointments Clause issue only if there are no other grounds for reversal." *Daryn Lee W. v. Saul*, No. 18-CV-401-JFJ, 2019 WL 4751551, at *2 (N.D. Okla. Sept. 30, 2019). In this case, there is an alternative ground for reversal, and the Court remands on that basis. Any Appointments Clause deficiency will necessarily be cured on remand.

opinions were well supported by, and consistent with, the remaining credible medical evidence, particularly the objective medical evidence. Therefore, in this case I gave those opinions significant weight.

R. 15. The ALJ failed to mention, list, or even describe what specific listings he considered and why he found Plaintiff's impairments did not meet or medically equal those listings. The ALJ's deficient reasoning is similar to that addressed in *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). In *Clifton*, the court explained that the ALJ "did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment." *Id.* With this dearth of analysis, the court could not assess "whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or medically equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion." *Id.* The ALJ's analysis in this case suffers from the same deficiency, and the Court cannot determine whether this aspect of the step-three analysis is supported by substantial evidence.[2]

The Court rejects the Commissioner's argument that the ALJ's reference to the agency doctors' conclusions is adequate. ECF No. 16 at 4. The regulations make clear that "[f]or cases at the [ALJ] or Appeals Council level, the responsibility for deciding medical equivalence rests with the [ALJ] or Appeals Council." 20 C.F.R. § 426.926(e). The ALJ's decision must identify what listings are being considered *by the ALJ* in reaching his medical equivalence conclusion, so that the Court can analyze whether the ALJ's conclusions are supported by substantial evidence. The Court also rejects the Commissioner's argument that "logic dictates that if a claimant actually met a listing, his impairment would also functionally equal a listing." ECF No. 16 at 4. To the

---

[2] The Commissioner did not cite or distinguish *Clifton* in its response brief.

extent this is a harmless error argument, the Court finds that any error in the medical equivalence analysis infects the remaining step-three analysis. Nothing in the "functional equivalence" analysis clarified what listings were being considered for purposes of either medical or functional equivalence. Even if a clarification existed, the Court is not persuaded that a proper functional equivalence analysis can cure a legally deficient medical equivalence analysis. These are two separate determinations under step three, both of which must be adequately explained and supported by substantial evidence.

## V.     Conclusion

For the foregoing reasons, the ALJ's decision finding Claimant not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order. On remand, the ALJ should discuss his specific findings and his reasons for accepting or rejecting evidence at step three.

**SO ORDERED** this 11th day of February, 2020.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**